# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Maurice Lee Soledad, r,

    Plaintiff,

vs.                                    Case No. 1:18-cv-00126

Lt. Webb, et al.,                          Judge Michael R. Barrett

    Defendants.

## **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"), (Doc. 19), and Plaintiff's objections thereto, (Doc. 21).

## I. BACKGROUND

Plaintiff is an incarcerated individual, proceeding *pro se*, who brings this suit under 42 U.S.C. § 1983 for alleged violations of his civil rights. (Doc. 1). In March 2018, the Magistrate Judge issued a Deficiency Order instructing Plaintiff to pay the filing and administrative fee or to submit an *in forma pauperis* application. (Doc. 2). Plaintiff filed a motion to proceed *in forma pauperis*, (Doc. 3), which the Magistrate Judge granted, (Doc. 4). Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Magistrate Judge performed a *sua sponte* review of Plaintiff's Complaint and recommended that his claims be dismissed with the exception of his excessive force claims against Defendants Moore and Fryer in light of Plaintiff's allegations that Defendant Moore slammed his face into the floor, resulting in injuries to his left eye socket, and Defendant Fryer twisted his wrist and

shoved him into a door frame repeatedly. (Doc. 5, PageID 154). The undersigned adopted the recommendation and those two claims remain. (Doc. 12).

On May 30, 2018, the Court noted that the Summons sent to Defendant Moore was returned as executed and his Answer was due on June 4, 2018. (Doc. 7). On June 1, 2018, Defendant Moore filed a timely Motion for an Extension of Time to File his Answer. (Doc. 9). He requested a 21-day extension and explained that additional time was necessary due to his attorney's need to properly investigate Plaintiff's allegations. (*Id.*). Defendant Moore certified that he sent a copy of his Motion to Plaintiff at WCI, "via Regular U.S. mail, postage prepaid, on June 1, 2018." (Doc. 9, PageID 178). That same day, the Magistrate Judge issued a Docket Notation Order granting Defendant Moore's Motion for an Extension of Time to File his Answer and stating that his Answer was now due on June 25, 2018. *See* June 1, 2018 Docket Notation Order. The Court sent a copy of the June 1, 2018 Order to Plaintiff, via U.S. mail, that same day. (*Id.*). Defendant Moore filed a timely Answer on June 21, 2018. (Doc. 13).

Subsequently, Plaintiff filed a Motion for Default Judgment alleging that Defendant Moore did not file a timely Answer. (Doc. 16). Plaintiff explains that he received the copy of Defendant Moore's June 1, 2018 Motion for an Extension, from Defendant Moore, on June 25, 2018 and that Defendant Moore also included a copy of the Court's June 1, 2018 Order in that mailing. (Doc. 16, PageID 194). Plaintiff asserts that the Court should have sent him a copy of the Order and the copy that Defendant Moore sent "is untrue and uncorrect." (*Id.*). He requests that the Court reverse the June 1, 2018 Order and deem Defendant Moore's June 21, 2018 Answer as untimely. (Doc. 16, PageID 197).

The R&R currently before the Court recommends that the Court deny Plaintiff's Motion for Default Judgment. (Doc. 19). The Magistrate Judge explains that she granted Defendant Moore's timely Motion for an Extension of Time to File an Answer, he filed a timely Answer, and he is not in default. (*Id.*). In his Objections, Plaintiff questions why it is "allowable due to arriv[]al date" for the Court to grant, issue, and mail a copy of the June 1, 2018 Order granting Defendant's Motion for an Extension of Time when Plaintiff did not receive a copy of that Order, from the Court, until "six days after the" Magistrate Judge issued the Order. (Doc. 21, PageID 231). Plaintiff also objects to the Magistrate Judge's "tone." (*Id.*).

**II. ANALYSIS**

When a court receives objections to a magistrate judge's R&R on a dispositive matter, the assigned "district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Although Plaintiff objects to the sequence in which the Court issued and mailed him a copy of the June 1, 2018 Order and the date on which he received that copy of the Order, his issue lies with the U.S. Postal Service or his institution's mailroom and not the Court. To the extent that Plaintiff states that the Magistrate Judge used "a loud yelling tone vocal, which has been repeated more than twice" and asserts the Court should reverse her recommendation with "a sound non[-]passive decision," the Court disagrees with Plaintiff's characterization of the R&R's "tone," finds his argument to be frivolous, and

will not address it further.  Finally, Plaintiff appears to include "objections" to Defendants' Motion for Summary Judgment, (Doc. 18), in his Objections to the pending R&R, (Doc. 21, PageID 232-33).  However, as those "objections" do not relate to his Motion for Default Judgment, the Court will not address them at this time.

In sum, and based on the Court's *de novo* review, the Court finds Plaintiff's Objections unpersuasive, (Doc. 21), agrees with the findings and recommendation in the R&R, (Doc.19), and denies Plaintiff's Motion, (Doc. 16).

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the R&R, (Doc. 19), is **ADOPTED** and Plaintiff's Motion for Default Judgment, (Doc. 16), is **DENIED.**

**IT IS SO ORDERED.**

/s Michael R. Barrett
Michael R. Barrett, Judge
United States District Court