**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MAURICE LEE SOLEDAD,                                    Case No. 1:18-cv-126

       Plaintiff,                                         Barrett, J.
                                                       Bowman, M.J.

   v.

LT. WEBB, et al.,

       Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, an incarcerated individual who proceeds *pro se*, filed suit against various correctional officers employed at both the London Correctional Institution (LCI) and Warren Correctional Institution (WCI), alleging numerous claims spanning several years. (Docs. 1, 5).   This case is now before the undersigned for reconsideration of a pending motion for summary judgment.  (*See* Docs. 18, 30).

## I.   Background

Plaintiff's original complaint is voluminous, spanning some forty-two single-spaced handwritten pages, not including the attached ninety pages of exhibits.  On May 1, 2018, the undersigned concluded that Plaintiff may proceed with an excessive force claim against two individuals at the Warren Correctional Institution ("WCI"), Correctional Officers Fryer and Moore.   Multiple claims against nine additional individuals were dismissed.  (*See* Docs. 5, 12).   On September 4, 2018, the undersigned filed a second Report and Recommendation ("R&R") that recommended that Plaintiff's motion for default judgment against Defendant Moore be denied; that R&R was also adopted by the Court. (Docs. 19, 23).

The specific allegations giving rise to Plaintiff's excessive force claim against Defendant Fryer are scattered throughout his complaint at PageID 17-18, 27-28, and 31-35. In those allegations, Plaintiff alleges that on August 1, 2017, while at WCI, Fryer "kept twisting my wrist" during an escort to the captain's office, and "while walking in mid-stride…shove[d] me into the door frame, and when regain[ed] my balance with abrupt movement he shoved me into the door frame again." (PageID 17). Plaintiff also alleges that on August 3, 2017, he was found guilty by the RIB in connection with the same incident. (PageID 18). Plaintiff alleges that he tried to report officer Fryer for pushing him into the door frame and filing a false conduct report, because when Fryer wrote him up, he "committed fraud on his conduct report by not listing his participation of the initial threat 'take your hand off the wall it's going to be [a] bad day'…." (PageID 27; *see also* Doc. 5, R&R at 7, summarizing allegations). In his complaint, Plaintiff protests that he was wrongfully convicted of a conduct violation by the RIB based on Fryer's false report, and that Lt. Webb ignored Plaintiff's defense at the hearing. He alleges that he tried to appeal his conviction to the warden, and later, to the Director of the ODRC, Mr. Mohr, but that his appeals were rejected, apparently on grounds that the RIB conviction including Defendant Fryer's conduct did not violate any institutional policies. (*See* PageID 35).

The initial screening R&R summarized Plaintiff's separate excessive force allegations against defendant Moore, concerning an unrelated incident, as follows:

> [P]laintiff complains that on December 17, 2017, defendant officer Moore wrote a conduct report against him, stating that he saw plaintiff punch another inmate…. Plaintiff states that Moore ordered him to stop fighting twice, that plaintiff complied with his orders, and that Moore stated "I'm

going to take you down." … Plaintiff alleges that Moore subsequently "grabbed me by both arms around my waist take a couple steps and body slams me to the ground, I hit my head on the cement floor, and my side of my left eye socket bridge near my temple is bust wide open." …According to plaintiff, defendant Lt. Nelson took a picture of his injuries and "a use of force was conduct by a Capt. Walker, he held a disposition (sic)."

(Doc. 5 at 8, citing complaint at PageID 38).

On September 4, 2018, following a period of discovery, Defendants Moore and Fryer jointly moved for summary judgment. On October 9, 2018, the undersigned noted that Plaintiff had failed to file any timely response to Defendants' motion which "if granted, would be dispositive of all of Plaintiff's claims…." (Doc. 22). After Plaintiff failed to file a response to the "show cause" order, the undersigned filed a third R&R on January 11, 2019. (Doc. 24). In that R&R, the undersigned recommended that Defendants' motion for summary judgment for failure to exhaust administrative remedies should be granted, both because it was amply supported by Defendants' evidentiary exhibits and because it appeared to be unopposed. (Doc. 24 at 1, noting that "[t]he evidentiary exhibits attached to Defendants' motion strongly support their argument and compel the conclusion that Defendants are entitled to judgment on this basis."; *see also id.* at 2).

On August 28, 2019, the presiding district judge declined to adopt the third R&R. (Doc. 30). In his Order, Judge Barrett pointed out that in his September 14, 2018 Objections to the *second* R&R, Plaintiff had included what appeared to be "objections" to the Defendants' pending motion for summary judgment. (Doc. 30 at 2; *see also* Doc. 23, Order adopting second R&R, noting that since Plaintiff's "'objections' do not relate to [the R&R on] his Motion for Default Judgment, the Court will not address them at this time.").

3

Judge Barrett acknowledged that Plaintiff's inclusion of "objections" to the motion for summary judgment was procedurally improper and did not excuse his subsequent failure to respond to the undersigned's prior "show cause" order. Nevertheless, the Court stated:

> However, as the January 11, 2019 R&R recommends granting Defendants' Motion for Summary Judgment "in light of the lack of any opposition from Plaintiff and the undisputed evidence supporting Defendants' motion," (Doc. 24) and the fact that Plaintiff responded in opposition to Defendants' Motion for Summary Judgment, and specifically opposed Defendants' evidence supporting their Motion for Summary Judgment, (Doc. 21 at PageID 232-233), the Court will decline to adopt the January 11, 2019 R&R. Cf. S.D. Ohio Local Rule 7.2(a)(2) ("Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees."). Instead, the Court will transfer Defendants' Motion for Summary Judgment back to the Magistrate Judge to complete the briefing and an additional R&R based on the parties' arguments.

(Doc. 30 at 4).[1]

## II.    Analysis

### A.  Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d

---

[1] Judge Barrett's August 28, 2019 Order clearly construes Plaintiff's objections to the second R&R as a response in opposition to the pending motion for summary judgment, and remands to the undersigned for further review following a "reply" by Defendants to the Plaintiff's construed response. In order to clarify the procedural record, the undersigned has filed a separate Order directing the Clerk to re-docket the previously filed objections (Doc. 21) as a formal response in opposition to the motion for summary judgment.

202 (1986). A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party has the burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has met its burden of production, as the Defendants have done in this case, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the nonmoving party. *Id.* at 252.

### B. Defendants' Evidence in Support of Judgment Remains Unrefuted

With the benefit of the Court's instruction to liberally construe Plaintiff's objections to the second R&R (Doc. 21) as a memorandum in opposition to the Defendants' pending motion for summary judgment, (Doc. 18), I proceed. Respectfully, the undersigned now recommends anew that Defendants' motion for summary judgment be granted. Plaintiff's construed response in opposition presents no "significant probative evidence" and does not create any genuine issues of material fact. Therefore, the Defendants are entitled to judgment as a matter of law. Because Defendants are entitled to judgment as a matter of law, the undersigned finds no benefit to awaiting Defendants' formal reply to Plaintiffs'

recently construed memorandum in opposition to their motion.

Defendants' motion argues that they are entitled to judgment based upon the Plaintiff's failure to fully exhaust his administrative remedies as required under the PLRA. Before a claim may be filed by a prisoner under 42 U.S.C. § 1983, the plaintiff must have fully exhausted the same claim in the administrative process afforded him under state law. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) The PLRA's exhaustion requirement is "mandatory," with the steps to exhaustion defined by the prison's grievance process. *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter*, 534 U.S. at 524). However, an inmate need only exhaust "available" remedies under the statute, not unavailable ones. *Ross v. Blake*, 136 S. Ct. 1850, 1858, 195 L.Ed. 2d 117 (2016)

Ohio has established a three step process to address inmate complaints. Ohio Admin. Code 5120-9-31(A). The first step allows an inmate to file an informal complaint to the direct supervisor of the staff member responsible for the inmate's complaint. O.A.C. 5120-9-31(K)(1). An inmate who is dissatisfied with the supervisor's response to his Step 1 grievance must proceed to Step 2 by obtaining and completing a Notification of Grievance form. O.A.C. 5120-9-31(K)(2). The grievance must be filed within fourteen days from the date of the denial of the informal complaint, and the Institutional Inspector must respond in writing. If still dissatisfied, in order to fully exhaust the inmate must proceed to Step 3 of the grievance procedure by requesting an additional appeal form. O.A.C. 5120-9-31(K)(3). This third step appeal must be filed with the Office of the Chief

Inspector within fourteen days of the date of the prior denial.

"When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate." *Hopkins v. Ohio Dep't of Corrections*, 84 Fed. Appx. 526, 527 (6th Cir. 2003). Because exhaustion is an affirmative defense, the Defendants bear the burden of proving that Plaintiff failed to properly exhaust. *Napier v. Laurel Cnty., Ky.*, 636 F.2d 218, 225 (6th Cir. 2011). The Defendants have satisfied their burden on the record presented, even considering Plaintiffs' previously filed objections as a response in opposition to the Defendants' motion.

In his construed response in opposition, Plaintiff chiefly challenges a declaration filed by the Ohio Rehabilitation and Correction records custodian, because the referenced declaration states it is an "unsworn" statement. (*See* Doc. 30 at 3, citing Doc. 21 at PageID 232-233). Plaintiff argues that this Court should not consider an "unsworn" declaration, because "when (a) person is competent He will give (a) sworn declaration." (*Id.* at 232).

Plaintiff's opposition is specious; the declaration clearly sets out that it is an "unsworn declaration under penalty of perjury" as authorized by 28 U.S.C. § 1746, and appropriately declares the statements to be true and correct. Under Rule 56(c)(1), a party asserting that a fact cannot be or is genuinely disputed must support his assertion by citing to particular parts of materials in the record. Here, the record custodian's statements and attached additional exhibits unequivocally reflect that Plaintiff never

proceeded beyond Step 1 of Ohio's three-step mandatory grievance process as to Defendant Fryer, and did not pursue grievances based on excessive force against Defendant Moore. The custodian is competent to authenticate the additional records attached to his declaration, consisting of the only two informal complaints that Plaintiff has filed that concern Fryer.

In his construed opposition, Plaintiff goes on to complain that the Wardens of two institutions, both at LCI and at WCI, affirmed his various RIB convictions for institutional offenses, which Plaintiff believes was unjust. (PageID 232). Two of the refenced RIB convictions relate in general to the incidents that gave rise to Plaintiff's Eighth Amendment claims. Critically, however, Plaintiff does not allege or argue that he filed any grievances in compliance with the three-step process set forth in Ohio Admin. Code 5120-9-31(A) to challenge the allegedly excessive use of force by either Defendant, as opposed to merely challenging conduct violations that allegedly arose out of those incidents. Indeed, both his complaint and his construed response in opposition to summary judgment strongly imply that, at most, he sought to overturn his RIB convictions – an issue that is separate from any Eighth Amendment claim. *See generally Lockett v. Suardini*, 526 F.3d 866, 873 (6th Cir., 2008) (distinguishing excessive force claim from challenge to misconduct conviction). After complaining in opposition to summary judgment that wardens at LoCI and at WCI both affirmed his RIB convictions, Plaintiff states that he sought further review of an LCI conviction.

> I contacted central office director gary. mohar. Legal Services respond to my Jan 12, 2017 pm 1:22, Jan 16 LOCI-17-008249 Jan 16, 2018. "Your

8

case cannott be appealed beyond warden review.  The Warden/designee
has reviewed and affirmed the Decision.

(PageID 233) (spelling and grammar original).  Plaintiff's complaint makes similar allegations.  (*See* Complaint at PageID 17-18 (Frye) and 38-39 (Moore), complaining that RIB chairmen at two hearings did not believe his statements).  Having closely reviewed the complaint and attached exhibits,[2] the undersigned concludes that the reference to the Legal Services response is to a matter that is wholly unrelated to either of Plaintiff's remaining excessive force claims against Defendants, as it refers to Plaintiff's attempted appeal of a different RIB conviction from an incident that occurred on November 20, 2017 involving Captain Gause.  (*See* Doc. 1-1 at PageID 66-67).

Even if Plaintiff's reference to Mr. Mohr related to either of Plaintiff's claims in this case, the undersigned takes judicial notice of the fact that Gary Mohr (recently retired) served as the long-time Director of the Ohio Department of Rehabilitation and Correction. Notably, the 3-step administrative exhaustion procedure set forth in O.A.C. 5120-9-31 does not include any form of appeal to Mr. Mohr or his office.  Rather, Plaintiff was required to file, at his first steps, informal grievances that were sufficiently detailed to alert both Defendant Fryer and Defendant Moore that he was complaining of excessive force

---

[2] Rule 56 places the burden on the opposing party to cite to portions of the record that create a genuine issue of material fact, and does not require this Court to scour the record *sua sponte.*  Nevertheless, the undersigned has undertaken a close examination of Plaintiff's 90 pages of single-spaced exhibits, which include multiple grievances that relate to many previously dismissed claims as well as the two claims that survived screening.  The undersigned's review of these exhibits only serves to underscore the conclusion that Plaintiff failed to fully exhaust the only two claims permitted to proceed beyond screening.  (See generally, Doc. 1-1 at PageID ##64-65 (Conduct report by Frye and RIB disposition), 90, 94 (seeking appeal of RIB conviction relating to conduct report initiated by C/O Frye, 110, 114; *see also* PageID 1-1 ##73 (RIB disposition of incident involving C/O Moore, 77 (appeal of RIB conviction affirmed).

on the two separate dates in question. *See generally Curry v. Scott,* 249 F.3d 493, 505 (6th Cir.2001). "[I]t is not enough simply to follow the grievance procedure; in order to satisfy the administrative exhaustion requirement, the content of the grievances must be adequate, too." *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir.2006). While a prisoner need not allege "a specific legal theory or facts that correspond to all the required elements of a particular legal theory," the grievance must generally identify the individuals involved (even if only as "John Doe") and "must have alleged mistreatment or misconduct on the part of the defendant." *Id.* (Internal quotation and citation omitted). The grievance is sufficient if it provides "fair notice" to the Defendants of the mistreatment that forms the basis of the constitutional claim made in the prisoner's subsequent complaint. *Id.* at 726. If Plaintiff's initial grievances were denied, then under Step 2 of Ohio's procedure, he was required to appeal within fourteen days to the Inspector of Institutional Services. If his appeal at Step 2 was denied, Plaintiff was required to file a final appeal to the Office of the Chief Inspector of the ODRC – a position devoted to the review of inmate grievances.

Plaintiff's construed opposition to Defendant's motion for summary judgment fails to create any genuine issue of material fact to refute Defendants' evidence that he failed to fully and fairly exhaust Ohio's mandatory three-step administrative grievance procedure with respect to each of his two remaining claims of excessive force. Plaintiff does not claim that he tried to follow the well-established grievance process but was intentionally thwarted or nefariously prevented from following procedures. *Contrast Brooks v. Dillow*, 2016 WL 6493419, at *7 (S.D. Ohio 2016). "This is not a case where

prison authorities ... provided erroneous advice as to the correct procedures." *Willis v. Mohr*, 2013 WL 1281634 (S.D. Ohio Mar. 26, 2013), *adopted at* 2013 WL 1829668 (S.D. Ohio May 1, 2013), *order withdrawn,* 2013 WL 5773932 (S.D. Ohio Oct. 24, 2013), and *report and recommendation adopted,* 2013 WL 5773932 (S.D. Ohio Oct. 24, 2013).[3]

Under Rule 56(c), a party opposing summary judgment must do more than simply argue that the moving party is wrong to establish that a material fact is genuinely disputed. Plaintiff presents no argument at all, much less any evidence, to counter Defendants' probative evidence that Plaintiff did not properly comply with the grievance procedure for his excessive force claim against C/O Moore.[4] (*See* Doc. 18-1 at ¶ 11).   With respect to Defendant Frye, both parties' exhibits reflect that Plaintiff filed an informal grievance at Step 1, but that he failed to exhaust at either Step 2 or Step 3 of the grievance procedure. (*Id.* at ¶10).

### III.    Conclusion and Recommendation

Having reconsidered Defendants' motion for summary judgment in light of the recently construed memorandum in opposition filed on September 21, 2018 by Plaintiff, I conclude that Defendants are entitled to judgment as a matter of law on Plaintiff's sole

---

[3] *Willis* is particularly instructive.  In *Willis*, this Court rejected the plaintiff's contention that he was unaware of the grievance regulations and/or that he was denied adequate access to a full copy of the formal regulation because it was not readily available in the inmate library.  In the above-captioned case, Plaintiff's voluminous exhibits include references to a complaint that Plaintiff could not find a full copy of the regulation in the prison library.  However, the same exhibits contain multiple references to the regulation and a full written copy of the relevant procedure.  (Doc. 1-1 at PageID 123-124).

[4] Although Plaintiff's construed response does not comply with his Rule 56 burden to respond with citation to relevant portions of the record, the undersigned has independently reviewed the exhibits to Plaintiff's complaint.  Those exhibits fail to create a genuine issue of material fact because they include only grievances seeking transfer to another penal institution that allude to the incident with Defendant Moore (among other reasons for transfer), and Plaintiff's unsuccessful appeals of his RIB convictions.

remaining claims, concerning the allegedly excessive use of force by the Defendant during two separate incidents that allegedly occurred in August and December 2017. Accordingly, **IT IS RECOMMENDED THAT** Defendants' motion (Doc. 18) be **GRANTED**, and this case should be closed.

*s/ Stephanie K. Bowman*
*S*tephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MAURICE LEE SOLEDAD,

              Plaintiff,

    v.

LT. WEBB, et al.,

              Defendants.

Case No. 1:18-cv-126

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).